EDWARD S. JAFFRAY and Others, as Surviving Partners of the Firm of E. S. JAFFRAY & CO., Appellants, *v.* SAMUEL GOLDSTONE, as Surviving Partner of the Firm of S. DAVIS & CO., Respondent.

*Costs — a reversal by the Court of Appeals, with costs to abide event — discontinuance — costs and an extra allowance imposed as a condition thereof — dismissal, if the plaintiff fails to pay them, improper.*

In an action for goods sold the plaintiffs recovered a judgment against the defendant, which was affirmed at General Term. On an appeal to the Court of Appeals the judgment was reversed, with costs to abide the event. Subsequently the plaintiffs made application for leave to discontinue the action, and as a condition thereof the court imposed full costs of all courts, and also granted an extra allowance.

*Held,* that the terms of the reversal by the Court of Appeals carried full costs, and the case being a proper one therefor the extra allowance was right.

That, upon such an application to discontinue, the fact that the extra allowance to the defendant was not made by the judge who tried the case at circuit was not material, and that the plaintiffs could not take advantage of it.

*Semble,* that the court had no power to make an order that the action should be dismissed unless the plaintiffs paid said costs and extra allowance.

That, upon a failure to pay the same its power was limited to denying the motion to discontinue.

Appeal by the plaintiffs, Edward S. Jaffray, Howard S. Jaffray, John R. P. Woodriff and Charles J. Hadfield, as surviving partners of the late firm of E. S. Jaffray & Co., from an order, dated May 8, 1891, allowing the defendant an extra allowance and the same costs as those to which he would have been entitled had the complaint been regularly dismissed upon a new trial; and also from an order, dated May 22, 1891, denying a motion made by the plaintiffs for a retaxation of costs.

*I. Q. Miller,* for the appellants.

*W. A. Abbott,* for the respondent.

Van Brunt, P. J.:

This action was brought to recover a balance alleged to be due to plaintiffs from defendant for goods sold and delivered. Judgment was rendered in favor of the plaintiffs, which judgment was affirmed

by the General Term, but was reversed by the Court of Appeals and a new trial ordered, with costs to abide event, and judgment was entered upon the remittitur. When the case was about to appear upon the day calendar for retrial the plaintiffs obtained an order for the defendant to show cause why the action should not be discontinued, without costs, or why the plaintiffs should not have such other relief as might be just, and staying defendant's proceedings. The defendant thereupon applied to the same judge, who granted the previous order to show cause, for an order requiring the plaintiffs to show cause why an order should not be made granting the defendant an allowance of five per cent upon the value of the subject-matter involved in the action and discontinuing the action, with costs, in favor of defendant against the plaintiffs, and vacating the stay to the extent of permitting the defendant to make this motion. The two motions coming on together the court made the following order :

*First.* That the motion of plaintiffs, for leave to discontinue this action without costs, be and the same hereby is denied.

*Second.* That on the said motion of the defendant, the defendant is hereby allowed the sum of two hundred dollars ($200) by way of additional costs, said action being a difficult and extraordinary case.

*Third.* That the defendant is entitled to recover of the plaintiffs the full costs which he could tax if the complaint had been regularly dismissed upon a new trial on the merits.

*Fourth.* That this action be dismissed, unless the plaintiffs pay said sum of two hundred dollars ($200) and said costs within ten (10) days after the taxation thereof.

The defendant thereupon taxed his costs, including a trial fee, for the first trial, four term fees and the costs of appeal before the General Term, to all of which items the plaintiffs objected and made a motion for retaxation, which was denied, and from the two orders above mentioned this appeal is taken.

It is urged by the appellants that the granting of costs and extra allowance is adding to the judgment of the Court of Appeals ; and that the sole duty of the Special Term was to enter exactly the order which the Court of Appeals directed, and that it should neither add to nor take away therefrom ; and that all that by the judgment of the Court of Appeals the defendant recovers are costs of the appeal,

and not general costs of the action; nor is he entitled to an extra. allowance.

In the case of *Franey* v. *Smith* (126 N. Y., 658), to which this court has already had occasion to advert, the Court of Appeals laid down distinctly what, in their judgment, reversing an order, with costs, means, and what they intend when they reverse the judgment of the court below, and grant a new trial, with costs to abide the event, which is the case at bar. They there state: "Where we reverse the judgment of the court below and grant a new trial in either an equitable or legal action, with costs to abide the event, all the costs of the action up to that time are intended."

Therefore, if the plaintiffs had failed to succeed upon a new trial, the defendant would have been entitled to tax all the previous costs, together with the cost of the appeal and the costs of the new trial. Now, prior to the actual taking place of the new trial the plaintiffs make an application for leave to discontinue, without costs, or for such other relief as they might be entitled to, and the court denied their motion to discontinue without costs, and granted the motion of the defendant for an extra allowance, and found that the defendant was entitled to the full costs which he could have taxed if the complaint had been regularly dismissed upon a new trial upon the merits, and then that the action should be dismissed unless the plaintiffs paid such allowance and costs.

It was undoubtedly the opinion of the court that the plaintiffs should not be allowed to retire from this litigation without paying the costs which had accrued, and an extra allowance because of the character of the action. The court had the right to determine upon what terms the plaintiffs should be allowed to do this; and if the plaintiffs were not satisfied with the terms they could either appeal from the order, as they have done in this case, or they could go on with the action refusing to accept the terms.

That the defendant upon the dismissal of the complaint would have been entitled to full costs under the decision we have already referred to needs no comment; and that where an answer is put in the plaintiffs cannot retire without making themselves subject to the payment of an extra allowance is also equally well settled. And the rule that the motion for an extra allowance should have been made to the judge who tried the case has no application to a case of

the character now before the court. Without any motion upon the part of the defendant the court would have been entitled to impose an extra allowance as a condition of permitting the plaintiffs to discontinue.

But, although no question in respect thereto has been presented upon this appeal, we do not think the fourth paragraph of the order appealed from can be affirmed. The court had no power upon this motion to direct that the action be dismissed in default of the payment of costs. All that it could do, under those circumstances, was to deny the motion for discontinuance.

We are of opinion, therefore, that the order appealed from should be modified by striking out the fourth paragraph and affirmed as to the rest of the order, without costs of this appeal.

BARRETT, J., concurred.

Order modified as directed by opinion, and, as modified, affirmed, without costs of this appeal.