(66 App. Div. 467).

### O'CONNELL et al. v. SHERA.

(Supreme Court, Appellate Division, First Department. December 6, 1901.)

HUSBAND AND WIFE—LIABILITY OF MARRIED WOMAN ON CONTRACT—NONSUIT.
　　In an action against a married woman for wearing apparel sold to her at her alleged request, one of the plaintiffs testified that the articles were always furnished defendant at her request and on agreed prices. and that the account was with defendant and in her name. A letter

from defendant was introduced in which she regretted the delay to pay plaintiff the money "I owe you." She testified that plaintiffs were told by her that her husband paid her bills, which evidence was contradicted by plaintiffs. Laws 1884, c. 381, removes the disabilities of married women to contract, and authorizes them to contract the same as a feme sole. *Held* sufficient to require a submission of the case to the jury to determine whether the credit was given defendant or to her husband.

Action by Katherine O'Connell and others against Ethelinda M. Shera, in which there was a judgment in favor of the defendant. On motion by plaintiffs for a new trial on exceptions ordered to be heard in the first instance at the appellate division. Motion granted.

Argued before PATTERSON, HATCH, INGRAHAM, and LAUGHLIN, JJ.

C. J. G. Hall, for the motion.
Walter I. McCoy, opposed.

PATTERSON, J. This action was brought to recover a balance claimed to be due by the defendant to the plaintiffs for wearing apparel and materials furnished, and work, labor, and services done, by the plaintiffs, who are dressmakers. The allegations of the complaint are that at certain times in the years 1899 and 1900 the plaintiffs, at the request of the defendant, sold and delivered to her wearing apparel, and performed work, labor, and services, of the value of $5,531, for which she promised and agreed to pay. A credit of $825 is given on the account, and a balance of $4,706.13 is claimed. The defendant, in her answer, after making certain denials, set up as a separate defense that at the times mentioned in the complaint she was a married woman, known to the plaintiffs to be such, and that the wearing apparel referred to in the complaint was sold and delivered, and the materials therein referred to were used, and the work, labor, and services therein referred to were performed, solely upon the credit of the defendant's husband, and not upon the credit of the defendant, and that the said wearing apparel, materials, etc., were necessaries. At the trial, after hearing the evidence on both sides, the court directed a dismissal of the complaint, holding that there was no special contract in the case, and that there was not sufficient to charge the defendant with individual liability, and also that the husband was liable for the debt, and the defendant could not be made liable except by some act or word whereby she assumed liability. Exceptions were ordered to be heard in the first instance at the appellate division.

The case should have been submitted to the jury. The question of fact to be determined was to whom credit was given,— whether to the wife or to the husband. One of the plaintiffs testified that the articles were furnished to the defendant at her request, and upon prices always agreed upon; that the account kept by the plaintiffs was with the defendant, and in her name; and that every item in a long list of articles was invariably charged to her. Each one of the bills was sent to her, and she personally paid some money on account of the indebtedness, and in October, 1899, wrote one of the plaintiffs as follows:

"I am sorry to have kept you waiting for the money I owe you, and I regret that I shall have to ask you to wait until the 10th of December, when I shall surely pay you."

In December, 1899, she, making payment on account, stated in a note to one of the plaintiffs that she was sorry not to be able to settle the entire bill, but would send some more money as soon as possible. She testified that in her dealings with the plaintiffs she stated that her husband paid the bills; but that testimony was flatly contradicted by the plaintiffs, who swore that the defendant never mentioned her husband in any of the transactions they had with her. As there was a conflict of evidence as to whom the credit was given, the case should have gone to the jury. There was enough on the part of the plaintiffs to establish a dealing between them and the defendant based upon the credit of the defendant. While it is true that the presumption is that the husband is liable for necessaries furnished to a wife, yet the wife has the complete right to contract for her personal liability even for necessaries. Since chapter 381 of the Laws of 1884 was enacted, all disabilities of a married woman to make valid contracts are removed, and she may now make contracts and bind herself in the same way as a feme sole. Where such a contract is made, she is no longer to be considered as acting as the agent of her husband. The defendant here was competent to contract. The plaintiffs show that credit was primarily given to her, and there is evidence that she recognized that the contract was with her; for she paid personally on account of the indebtedness, and wrote a letter to the plaintiffs, acknowledging that she owed the bill.

It being for the jury to determine to whom the credit was given, the exceptions must be sustained, and a new trial ordered, with costs to plaintiffs to abide the event. All concur.