(42 Misc. Rep. 201.)

### MARTIN et al. v. OAKES.

(Supreme Court, Appellate Term. December 17, 1903.)

1. HUSBAND AND WIFE — AGENCY OF WIFE FOR HUSBAND — NECESSARIES — QUESTION OF FACT.
   The question of the wife's agency for her husband is in every case one of fact, arising either from his neglect to supply her sufficiently with necessaries, or from his authority expressly given, or fairly to be implied from the circumstances.

2. SAME.
   Where it was not shown that the allowance for a wife's personal expenses was not reasonably sufficient for every purpose, the fact that her husband had allowed her to hire an equipage from a stable did not prove his implied consent to the supply of materials reasonably necessary to its use and proper maintenance.

3. SAME—QUESTIONS FOR JURY—INSTRUCTIONS.
   In an action against a husband for goods sold to his wife it was error to instruct the jury that it was for them to determine whether defendant's allowance to his wife was sufficient, in the absence of evidence as to his means or his usual manner of keeping his family.

4. SAME — GOODS SUPPLIED ON WIFE'S PERSONAL CREDIT — LIABILITY OF HUSBAND.
   A husband is not liable for goods furnished his wife on her own personal credit, even though they are necessaries.

5. SAME—EVIDENCE—QUESTIONS OF LAW.
   In an action to recover for goods furnished defendant's wife, whether there was any evidence tending to show that the goods were furnished the wife on her own personal credit was a question of law for the court.

Appeal from City Court of New York, General Term.

Action by George Martin and John M. Martin against Francies J. Oakes. Judgment for plaintiffs, and defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

¶ 4. See Husband and Wife, vol. 26, Cent. Dig. § 127.

John D. Kernan, for appellant.
J. Campbell Thompson and Milton Dammann, for respondents.

BISCHOFF, J. The action was to recover the sum of $154 for merchandise alleged to have been sold by the plaintiffs to the defendant, and the defense was a general denial. On the trial there was some evidence which tended to show that $37 worth of the goods were purchased by the defendant in person, but concededly the remainder was supplied to a coachman in the employ of the Maron Stable Company, upon the authority of the defendant's wife, for use in the maintenance of an equipage which she had hired of the stable company with her husband's knowledge and consent. There was no pretense that the defendant had in any way expressly authorized or consented to the supply of the materials delivered to the coachman, nor was there any evidence which tended to show that the defendant had by any course of dealing or previous transaction with the plaintiffs clothed his wife with inferential authority to bind him by her purchases. The defendant's liability was therefore sought to be predicated wholly of a supposed agency of the wife for her husband arising from the fact of the marital relation above, and to that effect was the trial justice's charge to the jury, who returned a verdict for the plaintiffs. That such is not the law, and that the question of the wife's agency for her husband is in every case one of fact, arising either from his neglect to supply her sufficiently with necessaries, or from his authority expressly given or fairly to be inferred from the circumstances, was recently clearly ruled by our court of last resort. Wanamaker v. Weaver, 176 N. Y. 75, 68 N. E. 135. It may not be unfairly urged that, since the defendant had indulged an equipage for his wife, he had impliedly consented also to the supply of materials reasonably necessary to its use and proper maintenance. But even so, the defendant had provided his wife with a weekly allowance of $150 for her personal expenses, and there was not a scintilla of evidence that this sum was not reasonably sufficient for every purpose. Until the husband's neglect to supply his wife with necessaries appears, the constituent of the right to recover against him by one who supplies her without the husband's assent, express or implied, is wanting. Wanamaker v. Weaver, supra. The trial justice, however, instructed the jury, in effect, that they were to constitute themselves the censors of the defendant's liberality, and without anything to show his means, or his wonted manner of keeping his family, to speculate in this respect, and to pronounce the defendant liable to the plaintiff, if they (the jury) opined that the defendant's allowance to his wife fell short of that it ought to have been. The repugnance of this to the law and reason is apparent without argument. There was evidence which tended to show that the goods were supplied to the coachman upon the wife's personal credit, and, if such was found to have been the fact, the defendant was not liable, although the goods may have been necessaries. Tiemeyer v. Turnquist, 85 N. Y. 516, 39 Am. Rep. 674; O'Connell v. Shera, 66 App. Div. 467, 73 N. Y. Supp. 231; Ehrich v. Bucki, 7 Misc. Rep. 118, 27 N. Y. Supp. 247. Whether or not there was evidence which tended in the direction stated was a ques-

tion of law to be determined by the court, and it was error therefore to permit the jury to "say whether or not there was any such evidence in the case."

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.