(63 Misc. Rep. 518.)

AMERICAN WEST INDIES TRADING CO. v. PORTO RICAN AMERICAN CIGAR CO. et al.

(Supreme Court, Special Term, New York County.    June 28, 1909.)

DISMISSAL AND NONSUIT (§ 37*)—CONDITIONS—PAYMENT OF COSTS.

Where, in an action for an injunction restraining defendants from using a certain name in connection with the manufacture and sale of cigars and for an accounting, it appeared that defendants had paid counsel, aside from what had been paid to the attorneys of record, $3,500 for services and disbursements, and had gathered a great deal of evidence for their defense, plaintiff's motion to discontinue would be granted only on the payment of a single bill of taxable costs to date and $2,000 to partly reimburse defendants for their outlays, and on the giving of a stipulation that, if a similar suit was begun by plaintiff thereafter, defendants might use any evidence taken in the prior suit with the same force and effect as though taken in the new suit.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 72, 73; Dec. Dig. § 37.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by the American West Indies Trading Company against the Porto Rican American Cigar Company and another. Motion to discontinue action. Motion granted, on performance by plaintiff of terms indicated; otherwise, denied, with $10 costs.

Isaac M. Aron, for plaintiff.
Stroock & Stroock (S. M. Stroock, of counsel), for defendants.

GIEGERICH, J. The action is for an injunction restraining the defendants from using the title "La Turina," or any name or title which would be held to constitute an infringement of the plaintiff's alleged trade-mark or title therein, in connection with the manufacture and sale of cigars, and for an accounting. The answers of both defendants put in issue the material allegations of the complaint, and as a further defense allege that the plaintiff had caused to be placed upon boxes containing its so-called La Turina brand of cigars a statement that such cigars were manufactured from the finest grades ot tobacco grown in the West Indies, and guaranteed strictly Cuban handmade, and that such statements were false and untrue. The plaintiff by this motion seeks to discontinue the action, without any terms other than the payment of the taxable costs to date. The application is opposed by the defendants, who insist that the interests of the defendants will be greatly prejudiced by a discontinuance of the action at this time, and that in an action of this kind the plaintiff cannot discontinue it as a matter of right, but only as a matter of favor.

It appears from the voluminous papers submitted that this case has many extraordinary features. There have been an unusual number of motions and orders. Much testimony has been taken by commissions. In other respects it has exceptional features not necessary to mention. When the motion came on for argument one of the counsel for the defendants was in Porto Rico, whither he had gone to make preparations for taking further testimony under an open commission, and where he still is. It is stated in the opposing affidavits that the defendants have paid to counsel alone, quite aside from what has been paid to the attorneys of record, $3,500 for services and disbursements. No reason is given by the plaintiff why it should be allowed to discontinue the action, except that "after going into all the phases of the case at this time" the plaintiff desires to discontinue. It is manifestly a case in which it would be unfair to the defendants to permit the suit in the defense of which they have made such great outlays, and in which they have gathered so much material for their defense, to be discontinued on any ordinary terms, such as the payment of taxable costs to date, and again to expose them to a similar suit and the necessity of repeating their preparations for defense and once more making such heavy payments to that end.

The motion will be granted only upon the payment of a single bill of taxable costs to date and $2,000 to partly reimburse the defendants for their outlays, and upon the giving of a stipulation by the plaintiff that, if a similar suit is begun by it hereafter, the defendants, or their successors, or those in privity with them, may use any evidence taken

in this suit with the same force and effect as though taken in such new suit. That the court has power to impose such conditions as it deems equitable upon such an application is well established. Matter of Waverly Waterworks Company, 85 N. Y. 478; Jaffray v. Goldstone, 62 Hun, 52, 16 N. Y. Supp. 430. Out of the power to deny the motion absolutely flows the power to impose conditions. As was remarked in the Matter of Waverly Waterworks Company, supra, if the moving party cannot or will not comply with the condition, the result is simply a denial of the motion, a result which the court could have produced by an absolute denial. The case of Telephonine Co. v. Douthitt, 115 App. Div. 362, 100 N. Y. Supp. 781, is not at variance with these views. That was an action at law in which no equities existed in favor of the defendant, and where no counterclaim was interposed. Application to discontinue such action was made before an answer was interposed. The present action, on the other hand, is in equity, and, as above shown, the situation is entirely different.

Motion granted, upon performance by the plaintiff of the terms indicated; otherwise, denied, with $10 costs.