(80 Misc. Rep. 402.)

### REICHERT v. WALTER.

(Supreme Court, Appellate Term, First Department. April 16, 1913.)

DISMISSAL AND NONSUIT (§ 37*)—VOLUNTARY DISMISSAL—CONDITIONS—PAYMENT OF COSTS.

Discontinuance of action, being desired either because brought against the wrong party, or because brought for a sum in excess of the jurisdiction of the court, in which latter case Code Civ. Proc. § 319, as amended by Laws 1913, c. 210, affords requisite relief by removal of action from the City Court to the Supreme Court, should be on payment of costs to date.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 68, 72, 73; Dec. Dig. § 37.*]

Appeal from City Court of New York, Special Term.

Action by Joseph F. Reichert against Edward T. Walter, sued herein as Edward F. Walter. From an order, defendant appeals. Modified.

Argued April term, 1913, before GUY, GERARD, and PAGE, JJ.

Samuel Sturtz, of New York City, for appellant.

William J. McKeown, of New York City, for respondent.

GUY, J. This is an appeal from an order granting plaintiff's motion to discontinue this action without costs. Issue was joined about

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

December 13, 1912. On December 26, 1912, the plaintiff served a notice of trial, and the cause was placed upon the calendar. The action is brought to recover damages sustained by plaintiff through the alleged negligence of the defendant, and the complaint contains allegations to the effect that the plaintiff's injuries were sustained at certain premises owned at the time by the defendant. The answer, inter alia, denies the ownership of the premises, and although the plaintiff asserts that his damages equal the sum of $5,000, a sum beyond the jurisdiction of the City Court, and that he desires to discontinue this action, owing to the recent decision in Lewkowicz v. Queen Aëroplane Co., 207 N. Y. 290, 100 N. E. 796, it would appear, from the uncontradicted statement of the defendant's attorney in his opposing affidavit used on the motion herein, that the action was sought to be discontinued because it had been brought against the wrong defendant. If that is the real reason, the payment of the costs of the action to date should have been imposed. If it is not the reason, chapter 210 of the Laws of 1913, amending section 319 of the Code of Civil Procedure, which provides for the removal of such an action from the City Court to the Supreme Court, affords the plaintiff the requisite relief.

Order modified, by requiring as a condition for a discontinuance of the action the payment of the costs to date, and, as modified, affirmed, with $10 costs and disbursements, without prejudice to the plaintiff to move, within 10 days after the service of a copy of the order entered herewith and notice of entry thereof in the City Court, and payment of $10 costs and disbursements of this appeal, in the Supreme Court for an order removing this cause to that court. All concur.