CATHERINE STEVENS, Respondent, *v.* CATHERINE HUSH,
Appellant; HARRY J. HUSH, Defendant.

(Supreme Court, Appellate Term, First Department, July, 1918.)

Contracts — for board and lodging — action for breach of — husband
   and wife — evidence.
Trial — when judgment reversed — evidence — husband and wife —
   motions and orders — contracts.

Where a wife living with her husband makes a contract for
board and lodging for the family, the presumption is that the
contract is that of the husband.

Where an action is brought against a husband and his wife
for breach of their alleged agreement made with plaintiff's
assignor, a corporation operating a seaside hotel, for their
board and a suite of rooms with a private bath, for a season,
the plaintiff before she can recover against the wife must show
that her assignor and the defendant wife intended that the
agreement should be the personal contract of the wife, and in
the absence of such proof a judgment holding her personally
liable upon the contract is erroneous.

Where the trial court granted a motion to dismiss the com-
plaint as against the defendant husband on the ground that
there was no evidence connecting him with the alleged agreement,
the correctness of the ruling cannot be passed upon, the record

Appellate Term, First Department, July, 1918.    [Vol. 104.

failing to show that plaintiff had appealed from the judgment dismissing the complaint as against the husband.

Where, after the trial court had denied a motion to dismiss the complaint as against the defendant wife, she produced testimony contradicting that of the witnesses for plaintiff and claimed that she made no binding arrangement to take the rooms for the time alleged in the complaint, but merely rented them for a few days upon the understanding that if they were satisfactory subsequent arrangements for the season would be made by her husband, a judgment against her entered upon the verdict of a jury will be reversed and a new trial ordered.

APPEAL by defendant-appellant from a judgment entered in the City Court of the city of New York, in favor of plaintiff and from an order denying the motion to set aside the verdict.

Foley & Martin (William J. Martin and George V. A. McCloskey, of counsel), for appellant.

Lewis F. Glaser, for respondent.

LEHMAN, J. The plaintiff herein sues as the assignee of a corporation which operates a seaside hotel. She alleges in her complaint that the defendant Catherine Hush is the wife of the defendant Harry J. Hush, residing with him as such in the borough of Manhattan, city of New York; that on or about the 30th day of May, 1916, the defendants entered into an agreement with the hotel company whereby the defendants agreed to hire from the hotel company a suite of rooms with a private bath including board for the term beginning July 1, 1916, and ending September 4, 1916; and that the defendants have failed, neglected and refused to carry out the terms and conditions of the said agreement on their part to be performed. At the trial the plaintiff produced testimony to show that early in May the hotel manager received

a letter signed " Mrs. H. J. Hush," asking him to send a booklet and rates for three rooms with private bath from July until after Labor Day. Thereafter he received a letter again signed by Mrs. Hush stating that she would call to see him at the hotel the latter part of May. The manager testified that about the fifteenth of May the defendant Catherine Hush came to the hotel and that he showed her four rooms and bath to be occupied by herself and children and her maid, and also by her husband during week-ends. The manager informed her that he would charge her for three rooms and board the sum of $130 per week and in addition would charge $10 for the board of her husband when he came down for the week-end. Mrs. Hush then said: " That is more money than I intended to pay, but I will go back and speak to Mr. Hush about it and if it is all right I will let you know right away."

Mrs. Hush did not communicate with him again until Decoration Day, when she again came to the hotel and informed him that she desired to take the rooms for the season. The manager told her that he had already rented the rooms to another party, but that he could give her exactly the same rooms on the floor above at the same rent. Mrs. Hush expressed herself as satisfied with this arrangement and asked the manager to confirm it by letter, and thereafter the manager sent Mrs. Hush a letter confirming the arrangement. Thereafter neither of the defendants communicated with the hotel until the manager inquired after July fourth why they did not occupy the rooms which had been rented to Mrs. Hush. The hotel received no satisfaction to these inquiries and thereafter assigned its claim for breach of contract against these defendants to the plaintiff who has brought this action against both husband and wife.

At the close of the plaintiff's testimony the attor-

ney for the defendants first moved to dismiss the complaint against the defendant Harry J. Hush on the ground that there is no evidence in the case connecting him with the alleged contract. The trial justice granted this motion, and inasmuch as the record does not show that the plaintiff has appealed from the judgment dismissing the complaint as against the husband we cannot pass upon the correctness of this ruling. After the case was dismissed against the husband, the attorney moved to dismiss also against the wife. The trial justice denied this motion. Thereafter the defendant Catherine Hush produced evidence contradicting the testimony of the witnesses produced by the plaintiff, and her claim is that she made no binding arrangement to take the rooms for the season but merely rented the rooms from July first to July fourth, upon the understanding that if the rooms were satisfactory subsequent arrangements for the season would be made by her husband.

The trial justice submitted the issues of fact to the jury and the jury brought in a verdict in favor of the plaintiff for the sum of $450.

It is well established in this state that where a wife living with her husband makes a contract for board and lodging for her family the presumption is that the contract was that of the husband. " Board and lodging are necessaries, and where the defendant had notice that the plaintiff had a husband, she was bound to assume that she was contracting with him for the support of his family unless the plaintiff undertook in express terms to assume the burden which the law casts upon the husband." *Ruhl* v. *Heintze,* 97 App. Div. 442. See, also, *Grandy* v. *Hadcock,* 85 id. 173. In the present case, while it appears that the defendant Catherine Hush conducted all the negotiations in regard to the hiring of the rooms, there is no clear

and unequivocal expression on her part that she intended to make the contract for herself nor is there any evidence that the hotel company extended credit to her exclusively. On the contrary, the form of action itself shows that the hotel company intended also to rely on the credit of the husband and it further appears that in the conversation of May fifteenth, which was preliminary to the making of this contract, the wife disclosed to the hotel manager that she must consult her husband before she could enter into any contract. Under these circumstances the judgment holding the wife personally liable upon a contract for rooms and lodging for herself and her family is erroneous, and before the plaintiff can recover against the wife in this action she must show that the hotel company and the wife intended that the contract should be a personal contract of the wife. Judgment should, therefore, be reversed and a new trial ordered, with costs to appellant to abide the event.

PENDLETON and FINCH, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.