CATHERINE STEVENS, Respondent, *v.* CATHERINE HUSH and HARRY J. HUSH, Appellants.

(Supreme Court, Appellate Term, First Department, May, 1919.)

Husband and wife — contracts — necessaries — agency.

> Where on the trial of an action against husband and wife to recover on a contract alleged to have been made by her for a suite of rooms and private bath with board at a seaside hotel for the summer season, the evidence indicated that she regarded her mission more as one of inquiry for the purpose of reporting to her husband than of attempting to close the contract on her own judgment, and there was no evidence of his previous conduct sufficient to justify an inference of a general implied authority, it is a question for a jury whether in view of the position and circumstances of the husband's household, the subject matter of the contract was a "necessary," and a charge to the effect that the husband was liable as a matter of law was erroneous, as was also the exclusion of evidence of con-

Appellate Term, First Department, May, 1919.   [Vol. 107.

versations between the defendants in which the husband had
assumed to limit the wife's authority to bind him, and the judg-
ment as against the husband will be reversed and a new trial
ordered.

Where the wife united in the answer of the husband and at the
opening of the trial her motion for leave to discontinue was
granted but without costs on the ground of lack of power, the
judgment as to her will be modified so as to provide for the
payment of a certain sum as a condition of the leave to discon-
tinue, and as so modified, affirmed.

APPEAL by defendants from a judgment of the City
Court of the city of New York, rendered in favor
of plaintiff, after a trial before the court and a jury.

Foley & Martin (William J. Martin and George
V. A. McCloskey, of counsel), for appellant Harry
J. Hush.

Patrick J. Dobson, for appellant Catherine Hush.

Lewis F. Glaser, for respondent.

PENDLETON, J.  Plaintiff sues the defendants, hus-
band and wife, to recover for an alleged breach of a
contract whereby, it is alleged, defendants engaged
board and lodging for themselves and family for the
summer, which they subsequently refused to avail
themselves of or pay for.

At the opening of the trial of the action plaintiff
moved to discontinue as against the wife, which motion
was granted, and after testimony on both sides a ver-
dict was rendered against the husband, and judgment
was entered that the action against the wife be dis-
continued, and that plaintiff recover against the hus-
band the amount of the verdict and costs.  Both
defendants appeal, the husband for alleged error at
the trial and the wife on the ground that she should

have been awarded costs as a condition of leave to discontinue. The case has been tried before. At a former trial the complaint against the husband was dismissed for failure of proof of agency in the wife to bind him, and a verdict was rendered against the wife. Both were reversed on appeal — the judgment against the wife on the ground that an arrangement made by the wife for board and lodging for the family must be assumed to have been intended as the husband's contract, and no recovery against the wife can be had without proof that it was the intent both of the wife and the hotel company that the contract should be her personal contract. *Stevens* v. *Hush,* 104 Misc. Rep. 69. The judgment dismissing the complaint against the husband was reversed on the ground that the evidence of the wife and the husband tended to show authority on her part to bind the husband, and was therefore sufficient to put the husband to his proof. *Stevens* v. *Hush,* 172 N. Y. Supp. 258. The arrangement, whatever it was, was concededly made by the wife, and at the trial under review the court charged the jury that " whatever Mrs. Hush did was binding upon her husband. If she made an agreement with this hotel the law presumes that she had authority from her husband so to do, and the law carries liability to the husband." The court excluded testimony by the husband intended to show want of authority in the wife to act for him, saying: " The law presumes that the wife had authority to make a contract for board and lodging." To both the charge and this ruling defendant excepted, and their correctness presents the question involved in the husband's appeal. There is no general presumption at law growing out of the marital relation that the wife is authorized to act for the husband. At common law the husband is charged with the duty and burden of supporting his wife and

family, and where the husband and wife are living together, parties dealing with the wife for necessaries, knowing this, are entitled and bound to assume that the proposed contract is on the husband's obligation alone, who may, however, show as matter of defense that he has supplied the necessaries either in kind or in money wherewith to buy them; otherwise he is liable, and the fact that the wife had not been authorized by the husband to bind him or had even been in fact forbidden to do so, is immaterial. In cases, however, other than for necessaries, the liability of the husband depends solely on the principles of agency, to be proved as in other cases, or of estoppel, if she has been held out as authorized to bind him. *Wanamaker* v. *Weaver,* 176 N. Y. 75; *Frank* v. *Carter,* 219 id. 38; *Martin* v. *Oakes,* 42 Misc. Rep. 201; *Keller* v. *Phillips,* 39 N. Y. 351. There are two theories on which defendant in this case may be held liable: one, that the contract was for necessaries, in which case evidence of authority in the wife is unnecessary; the other, that although not for necessaries, the wife had specific authority to bind the husband. At the trial there was some evidence given to show specific authority in the wife to bind the defendant. The court, however, by its charge and ruling, in effect held that as matter of law the alleged contract if made was for necessaries on which defendant was as matter of law liable and excluded evidence tending to negative authority in the wife as defendant's agent. The question on this appeal is therefore whether the alleged contract is as matter of law a contract for " necessaries " as that term is used and defined in the law. The parties concededly are living together and have a permanent home in the city of New York. That board and lodging in themselves generally belong to the category of things appertaining to maintenance and

support may be conceded without question. It is quite apparent, however, that for every contract of that character the wife might make, no matter where or for how long a period, the husband would not be liable without his consent. That under the circumstances a contract in advance for a suite of rooms and private bath with board at a seashore hotel for the fixed period of the summer season at a place other than the usual place of abode is a contract for " necessaries " cannot, I think, be held as matter of law. Whether it is a reasonable and suitable necessity involves questions of fact which should be submitted to the jury under proper instructions. If it was not a contract for necessaries the question at the trial then was whether the wife was as matter of fact specifically authorized to bind the defendant, and on such issue evidence tending to negative such authority was proper. There were thus in the case two questions of fact to be presented for the consideration of the jury, and as to the latter, the evidence excluded should have been received. This exclusion of evidence was therefore error. The judgment as to the husband must be reversed and new trial ordered, with costs to appellant to abide the event.

As to the wife's appeal, if no discontinuance had been asked for and the cause had proceeded to trial against both defendants, and plaintiff had failed as to the wife and recovered as against the husband, the wife, having united in the answer with the husband, would not have been entitled to costs, either of course or as matter of discretion (Code Civ. Pro. § 3229), but if plaintiff had failed as to both defendants, the wife would have been entitled to part of the costs as of course. Under such circumstances it was within the discretion of the court to impose some costs as a condition of allowing the discontinuance, and this

should have been done, and this court can modify the judgment accordingly. *Reichert* v. *Walter,* 80 Misc. Rep. 402; *Jaffray* v. *Goldstone,* 62 Hun, 52. The court below apparently denied costs on the ground of lack of power.

It would probably have been more proper practice to have entered an order and appealed from that, but this is no sufficient reason for denying relief.

Judgment as against Harry J. Hush and order appealed from are reversed and new trial ordered, with costs to appellant to abide the event, and judgment as to Catherine Hush modified so as to provide for the payment of thirty-five dollars as a condition of the leave to discontinue, and as so modified affirmed, without costs of appeal.

BIJUR, J. (concurring). Plaintiff sues the husband on a contract alleged to have been made by the wife for two months' summer board for herself, the husband and four children.

· The error claimed lies in two rulings of the learned trial judge, one, to the effect that the husband was liable as matter of law, and the other, excluding evidence of any conversation between husband and wife in which he had assumed to limit her authority. In order to determine the correctness of the rulings which are challenged and to clarify the issues for the new trial about to be ordered, it is necessary to understand the basis of a husband's liability.

It is well settled that a husband owes to his wife and children the duty of supporting them in a style commensurate with his position in life. *DeBrauwere* v. *DeBrauwere,* 203 N. Y. 460; *Keller* v. *Phillips,* 39 id. 351, 354. It follows that this duty cannot be discharged except by performance. *Frank* v. *Carter,* 219 N. Y. 35, 38. Therefore, if the objects contracted

for by the wife lie within the category of what are usually, though perhaps not happily, designated as " necessaries," the sole defense which the husband may successfully interpose is that he has actually furnished them or the means to obtain them. Clearly also, the wife's authority to purchase necessaries must be coterminous with the husband's duty, and cannot be limited by instructions to her or notice to the other contracting party. As is said by Devens, J., in *Alley* v. *Winn,* 134 Mass. 77, 79, she is authorized " to bind him even against his will. His consent in such case is conclusively implied by reason of this relation."

Much confusion has arisen from the use interchangeably of the phrases " duty of the husband " and " implied authority of the wife." Where necessaries alone are concerned it is indifferent what phraseology is employed to describe the obligation since it is imposed by law, and to that extent the agency implied is one implied in law and should be clearly distinguished from an agency implied in fact. See *Cromwell* v. *Benjamin,* 41 Barb. 55. The latter generally arises out of the course of conduct of the husband in the maintenance of the ordinary household, and is governed by the common rules of agency. Of course, authority implied in fact is of the same weight and value as that actually expressed. See *Henry Co.* v. *Talcott,* 175 N. Y. 385, 389. Where, however, authority either express or implied in fact is relied on, the question whether the husband has supplied the same or similar articles manifestly becomes immaterial. On the other hand, the husband may successfully defend by proving a revocation of the authority,— which, however, would be effective only as to articles which are not necessaries.

There is another phase of implied agency, namely, apparent agency, or what is usually known as " hold-

ing out '' the person contracting as having authority, — where the husband would be bound by way of estoppel. In such cases, knowledge of the husband's previous course of conduct would have to be shown by the party seeking to recover, while revocation of the authority would have to be communicated to the intending vendor.

Whether the subject matter of the contract falls within the class of necessaries is to be determined according to the position and circumstances of the husband, and where the testimony permits divergent inferences it is a question of fact for a jury. *Wanamaker* v. *Weaver*, 176 N. Y. 75; *Bergh* v. *Warner*, 47 Minn. 250.

In the foregoing discussion I have had in mind only those cases where husband and wife are living together in a household maintained by him. Somewhat different considerations, not relevant to the present case, apply where for any reason they are living apart.

While the opinions in the leading cases appear to be not entirely in harmony, this result is, I think, largely due to the fact that many of them contain expressions which go beyond the points actually decided. Thus, *Wanamaker* v. *Weaver*, 176 N. Y. 75, is frequently cited as authority for various propositions which are referred to merely *arguendo*, for at page 77 the court expressly says: '' The only question which we deem it necessary to consider is that raised by the exception to the charge as made, submitting to the jury the question as to whether the defendant's wife was abundantly supplied with similar articles to those purchased at the time of the purchase, and, therefore, the articles were not necessary for her support and maintenance.''

Again, in *Debenham* v. *Mellon*, L. R. (5 Q. B. Div.) 394, on appeal, L. R. 6 App. Cas. 23 (cited in the *Wanamaker* case) emphasis is laid upon a determina-

tive consideration which affects the entire decision. Thus, the Lord Chancellor (Lord Selborne) in his opinion in the House of Lords says at page 33: " Now, my Lords, in the present case, that ordinary state of circumstances which usually accompanies cohabitation where there is a house and an establishment, is entirely wanting. *There was here no house, no establishment * * * which commonly raise the presumption.*" The same distinction is pointed out by Lord Blackburn at page 35.

While less stress seems to be laid in the English cases upon the duty of the husband, the same result appears to be reached by way of reasoning from the usual custom in case of a household establishment. On the whole I think the principles which I have endeavored to formulate are fully supported by the authorities, and are considerably illuminated by the colloquys between court and counsel in the English reports. See *Jolly* v. *Rees,* 15 C. B. (N. S.) 628; *Debenham* v. *Mellon, supra; Morel Bros. & Co., Ltd.,* v. *Westmoreland,* L. R. (1 K. B. 1903) 64; *Wanamaker* v. *Weaver, supra; Alley* v. *Winn, supra; McCreery & Co.* v. *Martin,* 84 N. J. L. 626; *Bergh* v. *Warner, supra;* 1 Pars. Cont. 348–350.

We come then to the question of the correctness of the rulings of the learned judge below in the instant case.

It cannot, I think, be successfully contended that there was evidence sufficient to warrant a jury in finding that the wife had express authority of the husband to make the contract. On the contrary, the testimony indicated that the wife regarded her mission more as one of inquiry for the purpose of reporting to her husband than of attempting to close a contract on her own judgment. Nor was there evidence of the husband's previous conduct sufficient to support

the inference of a general authority implied; in fact consequently instructions given by the husband to his wife would have been wholly immaterial for the establishment of a defense. On the other hand, since in this view of the case the plaintiff was bound to rely upon the authority of the wife implied in law, and the equivalent duty of the husband to provide her with appropriate " necessaries," the question whether the summer board alleged to have been contracted for fell within that designation was a question of fact for the jury. The learned judge, however, himself decided that question as one of law by charging that if the wife made the agreement with the plaintiff, " the law presumes that she had authority from the husband so to do," to which portion of the charge the defendant duly excepted.

Plaintiff was entitled to the verdict of the jury on the question whether in view of the position and circumstances of the defendant's household and the habits of life in this community, summer board for the family for the few months of the heated term is a " necessary " as defined by the authorities.

I, therefore, concur in the conclusion that the judgment be reversed and a new trial granted.

Judgment and order as against Harry J. Hush reversed and new trial ordered, with costs to appellant to abide event, and judgment as to Catharine Hush modified and as so modified affirmed, without costs.