ETHEL MEYER, Appellant, v. LEO KERSCHBAUM, Respondent.

Supreme Court, Appellate Term, First Department, December 21, 1928.

*Samuel R. Robinson*, for the appellant.

*Rabenold & Scribner* [*Harold S. Glendening* of counsel], for the respondent.

BIJUR, J. Defendant conducts a bakery. Plaintiff, who had been dealing with the bakery for about seven months previously, bought some sugar buns on the morning of December 14, 1925, went to her home, and when she started to eat one of them at breakfast was injured owing to the fact that there was a carpet tack in the bun. The complaint was dismissed on the authority of *Vaccaro* v. *Prudential Condensed Milk Co.*, 133 Misc. 556, a case decided in the City Court, Trial Term, Part VI. The opinion in that case sustains the dismissal on the ground that ". there is the presumption that the moral and legal obligation on the part of the husband to support his wife and family is being carried out. The fact that the plaintiff herself actually paid for the milk does not overcome the presumption of the liability on the part of the husband to support her [plaintiff] and the infant child, and if that is so then she was merely acting as agent for her husband in the purchase of the milk, and the implied warranty being in itself in the nature of a contract of personal indemnity with the original purchaser is something of which the plaintiff cannot avail herself."

The difficulty with this view is that it overlooks the essential fact that the plaintiff was the purchaser of the injurious article

of food. The contract of sale was made by and with her and the warranty ran to her as in the case of any purchaser, even if there be an undisclosed principal in the background. There is not even a pretense in the instant case that the defendant knew the identity of the plaintiff, and certainly none that he was aware that she had a husband living. An attempt was made at the trial to litigate the question whether her husband had supplied her with the money with which these buns were bought, or whether it was her own money; but that seems to me to be immaterial to the ordinary principles of agency, of which the question of liability of a husband is merely a branch. (*Stevens* v. *Hush*, 107 Misc. 353; *Wanamaker* v. *Weaver*, 176 N. Y. 75.) A person whose agency is unknown contracts in his own right. (Tiffany Agency [2d ed.], § 101.) This rule is not impaired by the consideration that in the case of an undisclosed principal further rights may arise both in his favor and against him. (See, for example, *Argersinger* v. *Macnaughton*, 114 N. Y. 535.)

Judgment reversed and a new trial ordered, with costs to appellant to abide the event.

All concur; present, BIJUR, LEVY and CRAIN, JJ.